UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; EMI CHRISTIAN MUSIC GROUP INC., a California corporation; FONOVISA, INC., a California corporation; LAFACE RECORDS LLC, A Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; ZOMBA RECORDING LLC, a Delaware limited liability company; and INTERSCOPE RECORDS, a California general partnership, <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1-37, <br><br> Defendants. | Civil No.   08cv1578-WQH (POR) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** <br><br> **[Doc. # 3]** |

On August 28, 2008, Plaintiffs filed a complaint against the Doe Defendant for copyright infringement, alleging that Defendant used an online media distribution system to download and

1  distribute copyrighted works.  Plaintiffs do not know the name of the Doe Defendant, but have
2  identified the unique Internet Protocol address assigned to Defendant at the date and time of the
3  alleged infringing activity and have also identified the Internet Service Provider that provided
4  Defendant with internet access at the date and time of the alleged infringing activity.
5       On September 30, 2008, Plaintiffs filed an *Ex Parte* Application seeking leave of the Court
6  to serve immediate discovery on the Internet Service Provider, SBC Internet Services, Inc. ("SBC"),
7  to identify Defendant.  Plaintiffs intend to serve a subpoena pursuant to Federal Rule of Civil
8  Procedure 45 on SBC seeking documents that identify Defendant's true name, current and
9  permanent addresses and telephone numbers, e-mail addresses, and Media Access Control
10 addresses.
11      In accordance with Federal Rule of Civil Procedure 26(d), discovery does not commence
12 until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f),
13 unless by court order or agreement of the parties.  A court order permitting early discovery may be
14 appropriate "where the need for expedited discovery, in consideration of the administration of
15 justice, outweighs the prejudice to the responding party."  Semitool, Inc. v. Tokyo Electron
16 America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002).
17      After reviewing Plaintiffs' *Ex Parte* Application to take discovery, the declaration of Carlos
18 Linares, and the accompanying Memorandum of Law, the Court finds good cause to grant Plaintiffs'
19 Application, based on:  (1) the allegations of copyright infringement contained in Plaintiffs
20 complaint; (2) the danger that SBC will not preserve the information that Plaintiffs seek; (3) the
21 narrow tailoring of the discovery request so as not to exceed the minimum information required to
22 advance this lawsuit without prejudicing the Defendant; and (4) the Court's finding that the
23 expedited discovery requested will substantially contribute to moving this case forward.
24 Furthermore, without such discovery, Plaintiffs cannot identify the Doe Defendant, and thus cannot
25 pursue their lawsuit to protect their copyrighted works from infringement. Accordingly, IT IS
26 HEREBY ORDERED:
27      1.   Plaintiffs may serve immediate discovery on SBC to obtain the identity of the Doe
28           Defendant by serving a subpoena pursuant to Federal Rule of Civil Procedure 45 that

seeks information sufficient to identify the Doe Defendant, including the name, current and permanent addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for the Defendant.

2. Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

3. If SBC and/or the Defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena. If such a motion is brought, SBC shall nonetheless preserve the information sought in the subpoena pending resolution of such motion.

4. Plaintiffs shall provide a copy of this Order to SBC when the subpoena is served.

DATED: October 23, 2008

*Louisa Porter*

LOUISA S PORTER
United States Magistrate Judge

cc: Honorable William Q. Hayes
All parties